■ CENTRAL MORTGAGE COMPANY, Respondent, v SUSAN JAHNSEN, Also Known as SUSAN E. JAHNSEN and Another, et al., Appellants, et al., Defendants. [56 NYS3d 107]—

In an action to foreclose a mortgage, the defendants Susan Jahnsen, also known as Susan E. Jahnsen, also known as Susan Ferrara, also known as Susan Gulotta, also known as Susan Gentile, and Antonio J. Ferrara appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Tarantino, Jr., J.), dated September 3, 2014, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against them, and denied that branch of their cross motion which was for further discovery pursuant to CPLR 3212 (f), and (2) from a judgment of foreclosure and sale of the same court entered September 12, 2016, which, upon the order, is in favor of the plaintiff and against them, among other things, directing the sale of the subject premises.

Ordered that the appeals by the defendant Antonio J. Ferrara are dismissed as abandoned; and it is further,

Ordered that the appeal by the defendant Susan Jahnsen, also known as Susan E. Jahnsen, also known as Susan Ferrara, also known as Susan Gulotta, also known as Susan Gentile, from the order is dismissed; and it is further,

Ordered that the judgment of foreclosure and sale is affirmed on the appeal by the defendant Susan Jahnsen, also known as Susan E. Jahnsen, also known as Susan Ferrara, also known

as Susan Gulotta, also known as Susan Gentile; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeals by the defendant Antonio J. Ferrara must be dismissed as abandoned, as the brief submitted by the appellants does not request reversal of any portion of the order or judgment of foreclosure and sale with respect to him. The appeal from the order by the defendant Susan Jahnsen, also known as Susan E. Jahnsen, also known as Susan Ferrara, also known as Susan Gulotta, also known as Susan Gentile (hereinafter the appellant), must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (*see* CPLR 5501 [a] [1]; *Matter of Aho*, 39 NY2d at 248).

On March 17, 2005, the appellant executed an adjustable rate note promising to repay Downey Savings and Loan Association, F.A. (hereinafter the original lender) the principal sum of $337,500. The loan was secured by a duly recorded mortgage on a residential property in Center Moriches. The note was later transferred to the plaintiff by physical delivery. The appellant defaulted on the loan by failing to make her monthly mortgage payment that became due on September 1, 2009, and each month thereafter. The plaintiff sent the appellant notice of her default, but she did not cure the default.

The plaintiff commenced this foreclosure action in June 2011, and the appellant filed an answer. The plaintiff moved, inter alia, for summary judgment on the complaint, but withdrew the motion after the appellant filed for bankruptcy and an automatic stay of the action went into effect. After the stay was lifted in December 2012, the plaintiff re-filed its motion. The appellant cross-moved, inter alia, for additional discovery pursuant to CPLR 3212 (f). In an order dated September 3, 2014, the Supreme Court awarded the plaintiff summary judgment on the complaint, and denied the cross motion. A judgment of foreclosure and sale was entered upon the order on September 12, 2016.

The primary issue presented on this appeal is whether the plaintiff established standing to foreclose the mortgage on the appellant's property. Where, as here, standing is put into issue by the defendant, the plaintiff must prove its standing in order to be entitled to relief (*see Deutsche Bank Natl. Trust Co. v Brewton*, 142 AD3d 683, 684 [2016]; *Deutsche Bank Trust Co.*

*Ams. v Vitellas*, 131 AD3d 52, 59 [2015]; *Nationstar Mtge., LLC v Catizone*, 127 AD3d 1151, 1152 [2015]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it was the holder or assignee of the underlying note at the time the action was commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]; *HSBC Bank USA, N.A. v Spitzer*, 131 AD3d 1206, 1207 [2015]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361-362; *Federal Natl. Mtge. Assn. v Yakaputz II, Inc.*, 141 AD3d 506, 507 [2016]; *Citimortgage, Inc. v Klein*, 140 AD3d 913, 914 [2016]). Here, the plaintiff relies upon evidence of physical delivery rather than a written assignment.

In support of that branch of its motion which was for summary judgment on the complaint, the plaintiff submitted the summons and complaint, the note and mortgage, proof of the appellant's default, and an affidavit of its vice president. The vice president averred that the plaintiff "had physical possession of the Note prior to the commencement of this action," but he did not set forth the specific date that the plaintiff obtained the note or the date that the action was commenced (*cf. Deutsche Bank Natl. Trust Co. v Idarecis*, 133 AD3d 702, 703 [2015]; *Flagstar Bank, FSB v Anderson*, 129 AD3d 665, 665-666 [2015]; *Wells Fargo Bank, NA v Burke*, 125 AD3d 765, 766 [2015]). However, the summons demonstrated that the action was commenced on June 13, 2011.

In opposition to the plaintiff's motion, the appellant raised various arguments challenging the plaintiff's standing, including that the plaintiff never had possession of the note.

In reply, the plaintiff submitted an affidavit from its assistant vice president (hereinafter the reply affidavit), which provided the specific date that the note was delivered to the plaintiff in order to clarify that the note was indeed delivered prior to the commencement of the action. As part of her job responsibilities, the assistant vice president was familiar with the records maintained by the plaintiff in connection with the subject loan and the procedures for creating these records in the regular course of the plaintiff's business. These records were made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information, or based on information transmitted by persons with

personal knowledge. After reviewing these records, the plaintiff's assistant vice president determined that the note was physically delivered, surrendered and conveyed to the plaintiff from the original lender on December 1, 2005. The assistant vice president further averred that, since that date, the plaintiff "has had actual physical possession of the Note." In its reply papers, the plaintiff also included a copy of the note with an endorsement in blank, signed by an employee of the original lender.

Based on these submissions, we agree with the Supreme Court's determination that the plaintiff established its prima facie entitlement to summary judgment, and the appellant failed to raise a triable issue of fact in opposition (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361-362; *JPMorgan Chase Bank, N.A. v Weinberger*, 142 AD3d 643, 645 [2016]; *Wells Fargo Bank, N.A. v Gallagher*, 137 AD3d 898, 899-900 [2016]; *HSBC Bank USA, N.A. v Spitzer*, 131 AD3d 1206, 1207 [2015]; *Wells Fargo Bank, N.A. v Marchione*, 69 AD3d 204, 207 [2009]).

Contrary to the appellant's contention, it was not error for the Supreme Court to consider the reply affidavit, which was submitted in reply to the appellant's opposition. A party moving for summary judgment generally cannot meet its prima facie burden by submitting evidence for the first time in reply (*see Citimortgage, Inc. v Espinal*, 134 AD3d 876, 879 [2015]; *Arriola v City of New York*, 128 AD3d 747, 749 [2015]; *6014 Eleventh Ave. Realty, LLC v 6014 AH, LLC*, 114 AD3d 661, 662 [2014]; *Tingling v C.I.N.H.R., Inc.*, 74 AD3d 954, 956 [2010]). However, there are exceptions to this general rule, including when the evidence is submitted in response to allegations raised for the first time in the opposition papers or when the other party is given an opportunity to respond to the reply papers (*see Citimortgage, Inc. v Espinal*, 134 AD3d 876, 879 [2015]; *Pennachio v Costco Wholesale Corp.*, 119 AD3d 662 [2014]; *David v Chong Sun Lee*, 106 AD3d 1044, 1045 [2013]). Further, "[t]he function of reply papers is to address arguments made in opposition to the position taken by the movant" (*Matter of Harleysville Ins. Co. v Rosario*, 17 AD3d 677, 677-678 [2005] [internal quotation marks omitted]; *see Wells Fargo Bank, N.A. v Marchione*, 69 AD3d 204, 206 [2009]; *Dannasch v Bifulco*, 184 AD2d 415, 417 [1992]).

Here, the Supreme Court properly considered the reply affidavit because the affidavit was offered in response to the appellant's allegation in opposition to the motion that the plaintiff never had possession of the note, and merely clarified the

plaintiff's initial submissions as to its possession of the note at the time of commencement (*see 71 Clinton St. Apts. LLC v 71 Clinton Inc.*, 114 AD3d 583, 584 [2014]; *Dias v City of New York*, 110 AD3d 577, 578 [2013]; *Sanford v 27-29 W. 181st St. Assn.*, 300 AD2d 250, 251 [2002]; *Dannasch v Bifulco*, 184 AD2d 415, 417 [1992]; *cf. Aurora Loan Servs., LLC v Baritz*, 144 AD3d 618, 620 [2016]).

Further, the Supreme Court properly determined that there is no merit to the appellant's contention that the plaintiff's motion should have been denied to afford her an opportunity to obtain discovery. The appellant failed to sufficiently demonstrate that she had made reasonable attempts to discover facts which would give rise to a triable issue or that further discovery might lead to relevant evidence (*see* CPLR 3212 [f]; *Swedbank, AB, N.Y. Branch v Hale Ave. Borrower, LLC*, 89 AD3d 922, 924 [2011]). Austin, J.P., Cohen, Maltese and Duffy, JJ., concur.