■ DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for the Holders of MORGAN STANLEY ABS CAPITAL I INC., TRUST 2005-HE3, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES

2005-HE3, Respondent, v ANDREW P. CARLIN, Appellant, et al., Defendants. [61 NYS3d 16]—

In an action to foreclose a mortgage, the defendant Andrew P. Carlin appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered April 15, 2015, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against him and an order of reference.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the appellant and an order of reference is denied.

In 2005, the defendant Andrew P. Carlin (hereinafter the defendant) executed a note in favor of WMC Mortgage Corp. (hereinafter WMC) and a mortgage on his property in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for WMC. Pursuant to paragraph 18 of the mortgage, the defendant was entitled to a notice of default prior to the mortgagee demanding payment of the loan in full.

By written assignment dated May 9, 2012, MERS, as nominee for WMC, assigned the mortgage to the plaintiff. In 2013, the plaintiff commenced this mortgage foreclosure action, alleging, among other things, that the defendant defaulted on the subject loan, that it had complied with the RPAPL 1304 notice requirement, and that it was the owner and holder of the note and mortgage. In his answer, the defendant denied the material allegations in the complaint and raised several affirmative defenses, including that the plaintiff failed to comply with the RPAPL 1304 notice requirement and the notice requirement in the mortgage, and that it lacked standing. The plaintiff moved for summary judgment on the complaint and an order of reference. The Supreme Court granted the plaintiff's motion. The defendant appeals.

The plaintiff established, prima facie, its standing as the holder of the note by demonstrating that the note was in its possession at the time it commenced the action, as evidenced by its attachment of the note endorsed in blank to the summons and complaint at the time the action was commenced (see U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011 [2017]; Deutsche Bank Natl. Trust Co. v Logan, 146 AD3d 861, 862 [2017]; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d

643, 645 [2016]). Contrary to the defendant's contention, "[t]here is simply no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it" (*JPMorgan Chase Bank, N.A. v Weinberger*, 142 AD3d at 645; *see Deutsche Bank Natl. Trust Co. v Logan*, 146 AD3d at 863).

Nevertheless, the Supreme Court erred in granting the plaintiff's motion. In support of its motion, the plaintiff relied upon the affidavit of Meldin Rhodes, assistant secretary of Nationstar Mortgage, LLC, the current loan servicer. Rhodes averred that "servicing records" showed that the notice of default was mailed to the defendant on November 2, 2011, and the RPAPL 1304 notice was mailed on December 28, 2012. Attached to Rhodes's affidavit were copies of the notice of default and the RPAPL 1304 notice purportedly sent by Bank of America, N.A. (hereinafter BOA), the prior loan servicer, to the defendant.

The plaintiff failed to demonstrate the admissibility of the records relied upon by Rhodes under the business records exception to the hearsay rule (*see* CPLR 4518). Rhodes, an employee of the current loan servicer, did not aver that he was personally familiar with the record keeping practices and procedures of BOA, the prior loan servicer. Thus, Rhodes failed to lay a proper foundation for admission of records concerning service of the required notices, and his assertions based on these records were inadmissible (*see CitiMortgage, Inc. v Pappas*, 147 AD3d 900, 901-902 [2017]; *U.S. Bank N.A. v Martin*, 144 AD3d 891, 892 [2016]; *HSBC Mtge. Servs., Inc. v Royal*, 142 AD3d 952, 954 [2016]).

Inasmuch as the plaintiff failed to tender sufficient evidence to demonstrate the absence of triable issues of fact as to its strict compliance with RPAPL 1304 and the notice requirement in the mortgage, its motion should have been denied, without regard to the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Flagstar Bank, FSB v Anderson*, 129 AD3d 665, 666 [2015]).

In light of our determination, we need not reach the defendant's remaining contention. Mastro, J.P., Hall, Austin and Barros, JJ., concur.