In an action to foreclose a mortgage, the defendant John Coppola appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Módica, J.), entered July 10, 2015, as granted that branch of the plaintiff’s motion which was for summary judgment on the complaint insofar as asserted against him and denied his cross motion for summary judgment dismissing the complaint insofar as asserted against him.
 

 Ordered that the order is affirmed insofar as appealed from, with costs.
 

 Where, as here, a plaintiff’s standing to commence a foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see Central Mtge. Co. v Jahnsen, 150 AD3d 661, 662-663 [2017]; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726 [2017]; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974 [2014]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362 [2015]; Central Mtge. Co. v Jahnsen, 150 AD3d at 663; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754 [2009]). “Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident” (Central Mtge. Co. v Jahnsen, 150 AD3d at 663 [internal quotation marks omitted]; see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 726).
 

 Here, the note, indorsed in blank, was annexed to the complaint at the time the action was commenced, which was sufficient to establish standing (see Deutsche Bank Natl. Trust Co. v Carlin, 152 AD3d 491, 492 [2017]; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011 [2017]; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645 [2016]). The plaintiff further sustained its burden of demonstrating its prima facie entitlement to judgment as a matter of law by submitting the mortgage, the note, and proof of the appellant’s default in repaying the mortgage loan (see U.S. Bank N.A. v Saravanan, 146 AD3d at 1011).
 

 In opposition, the appellant failed to raise a triable issue of fact and failed to demonstrate his entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him. The appellant’s contention that the affidavit of the vice president of loan documentation for the plaintiff’s loan servicing agent was insufficient to establish standing, since it failed to give factual details as to the physical delivery of the note, is without merit. “There is simply no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it” (JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645; see UCC 3-204 [2]). “Moreover, it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date” (JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d at 645; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362).
 

 Finally, as a mortgagor whose loan was owned by a trust, the appellant does not have standing to challenge the plaintiff’s possession or status as assignee of the note based on purported noncompliance with certain provisions of the relevant pooling and servicing agreement (see Wells Fargo Bank, N.A. v Archibald, 150 AD3d 935, 936-937 [2017]; U.S. Bank N.A. v Saravanan, 146 AD3d at 1012).
 

 Accordingly, the Supreme Court properly granted that branch of the plaintiff’s motion which was for summary judgment on the complaint insofar as asserted against the appellant, and properly denied the appellant’s cross motion for summary judgment dismissing the complaint insofar as asserted against him.
 

 Mastro, J.P., Chambers, LaSalle and Brathwaite Nelson, JJ., concur.