Wilmington Sav. Fund Socy. FSB v Yisroel (2018 NY Slip Op 08174)





Wilmington Sav. Fund Socy. FSB v Yisroel


2018 NY Slip Op 08174


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-08065
 (Index No. 32336/15)

[*1]Wilmington Savings Fund Society FSB, etc., respondent, 
v
Bais Hamedrish Netzach Yisroel, appellant, et al., defendants.


Menashe & Associates LLP, Montebello, NY (Shoshana Schneider of counsel), for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Bais Hamedrish Netzach Yisroel appeals from an order of the Supreme Court, Rockland County (Thomas E. Walsh II, J.), dated July 27, 2017. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Bais Hamedrish Netzach Yisroel, to strike its answer, and for an order of reference, and referred the matter to a referee to ascertain and compute the amount due.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Bais Hamedrish Netzach Yisroel, to strike its answer, and for an order of reference, are denied.
The plaintiff commenced this action against Bais Hamedrish Netzach Yisroel (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain property in Monsey. The defendant interposed an answer with various affirmative defenses, including that the plaintiff failed to provide a timely notice of default and an opportunity to cure under the terms of the note and mortgage. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. In an order dated July 27, 2017, the Supreme Court granted the motion and referred the matter to a referee to ascertain and compute the amount due. The defendant appeals.
The mortgage required that the lender give notice of a date by which the borrower must correct a default in order to avoid acceleration. It further required that the date specified in the notice "be at least 30 days from the date on which the notice is given." The mortgage also provided that notice by first-class mail "is considered given" on the date mailed.
In support of its motion for summary judgment, the plaintiff failed to establish, prima facie, that it complied with this condition precedent to accelerating the mortgage. Specifically, in support of its motion for summary judgment, the plaintiff presented conflicting evidence as to [*2]whether it mailed the notice at least 30 days before the date specified in that notice. Inasmuch as the plaintiff's own evidence submitted in support of the motion demonstrated the existence of a triable issue of fact as to whether the plaintiff complied with the 30-day notice provision, the plaintiff's motion should have been denied without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Deutsche Bank Natl. Trust Co. v Carlin, 152 AD3d 491, 493).
The parties' remaining contentions are not properly before us.
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court