Nationstar Mtge., LLC v Rodriguez (2018 NY Slip Op 08141)





Nationstar Mtge., LLC v Rodriguez


2018 NY Slip Op 08141


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-10073
2017-04860
 (Index No. 63988/13)

[*1]Nationstar Mortgage, LLC, respondent,
v
Richard Rodriguez, appellant, et al., defendants.


Christopher Thompson, West Islip, NY, for appellant.
Shapiro, DiCaro & Barak, LLC (Akerman LLP, New York, NY [Kathleen R. Fitzpatrick and Jordan M. Smith], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Richard Rodriguez appeals from (1) an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated August 19, 2016, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered September 14, 2016. The order, insofar as appealed from, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, and denied those branches of that defendant's cross motion which were pursuant to CPLR 5015(a)(1) to vacate an order of reference dated July 27, 2015, entered upon his default in opposing the plaintiff's prior motion, inter alia, for an order of reference, and to dismiss the complaint insofar as asserted against him for lack of standing. The order and judgment of foreclosure and sale granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
The plaintiff commenced this mortgage foreclosure action against, among others, the defendant Richard Rodriguez (hereinafter the defendant). The defendant interposed a timely answer asserting various affirmative defenses, including lack of standing. Thereafter, the plaintiff moved, inter alia, for an order of reference. The plaintiff's motion was granted, as unopposed, in an order [*2]of reference dated July 27, 2015. The plaintiff subsequently moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant cross-moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the order of reference entered upon his default in opposing the plaintiff's prior motion, inter alia, for an order of reference, and to dismiss the complaint insofar as asserted against him for lack of standing.
In an order dated August 19, 2016, the Supreme Court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and denied the defendant's cross motion. On September 14, 2016, the court entered an order and judgment of foreclosure and sale, inter alia, confirming the referee's report and directing the sale of the subject property. The defendant appeals.
"In order to vacate a default in opposing a motion pursuant to CPLR 5015(a)(1), the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition to the motion" (New Century Mtge. Corp. v Chimmiri, 146 AD3d 893, 894 [internal quotation marks omitted]; see Aurora Loan Servs., LLC v Ahmed, 122 AD3d 557). " A motion to vacate a default is addressed to the sound discretion of the court'" (K.A. v Wappingers Cent. Sch. Dist., 151 AD3d 828, 830, quoting Vujanic v Petrovic, 103 AD3d 791, 792; see Santos v Penske Truck Leasing Co., 105 AD3d 1029, 1029). Here, the defendant demonstrated a reasonable excuse for his default in opposing the plaintiff's motion, inter alia, for an order of reference. However, he failed to present any evidence sufficient to establish a potentially meritorious opposition to the motion (cf. Santos v Penske Truck Leasing Co., 105 AD3d at 1029).
A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Central Mtge. Co. v Jahnsen, 150 AD3d 661, 663; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Central Mtge. Co. v Jahnsen, 150 AD3d at 663 [internal quotation marks omitted]; see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726). In this case, the plaintiff established its standing by attaching a copy of the note, endorsed in blank, to the complaint at the time the action was commenced (see Deutsche Bank Natl. Trust Co. v Carlin, 152 AD3d 491, 492; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645). The defendant failed to submit evidence to the contrary in support of his cross motion.
Accordingly, we agree with the Supreme Court's determination to grant the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and deny those branches of the defendant's cross motion which were to vacate the order of reference entered upon his default in opposing the plaintiff's prior motion, inter alia, for an order of reference, and to dismiss the complaint insofar as asserted against him for lack of standing.
CHAMBERS, J.P., SGROI, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court