Deutsche Bank Natl. Trust Co. v Denardo (2018 NY Slip Op 08464)





Deutsche Bank Natl. Trust Co. v Denardo


2018 NY Slip Op 08464


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-06932
2016-06933
 (Index No. 67728/14)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Joseph Denardo, appellant, et al., defendants.


McMahon & McCarthy, Bronx, NY (Matthew J. McMahon of counsel), for appellant.
Hinshaw & Culbertson, LLP, New York, NY (Matthew C. Ferlazzo of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Joseph Denardo appeals from two orders of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), both dated May 18, 2016. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him, to strike his affirmative defenses, and for the appointment of a referee, and denied his cross motion to compel further discovery on the issue of standing. The second order, insofar as appealed from, granted the same relief and appointed a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
In October 2014, the plaintiff commenced this mortgage foreclosure action against Joseph Denardo (hereinafter the defendant), among others. The defendant interposed an answer with various affirmative defenses alleging, among other things, that the plaintiff lacked standing to commence the action. The defendant also demanded that the plaintiff answer certain interrogatories, including whether the plaintiff was the owner of the note at the time it commenced the action.
Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his affirmative defenses, and for the appointment of a referee. The defendant opposed the motion and cross-moved pursuant to CPLR 3124 to compel further discovery on the issue of standing. In two orders, both dated May 18, 2016, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals.
" Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default'" (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684, quoting Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). However, where a defendant places standing in issue, the plaintiff must also prove its standing in order to be entitled to relief (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; [*2]Central Mtge. Co. v Jahnsen, 150 AD3d 661, 663; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Central Mtge. Co. v Jahnsen, 150 AD3d at 663 [internal quotation marks omitted]; see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726).
Here, the plaintiff established its standing by annexing the note, endorsed in blank, to the complaint at the time the action was commenced (see US Bank N.A. v Coppola, 156 AD3d 934, 935; Deutsche Bank Natl. Trust Co. v Carlin, 152 AD3d 491, 492; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645). The plaintiff further sustained its burden of demonstrating its prima facie entitlement to judgment as a matter of law by submitting the mortgage, the note, and proof of the defendant's default in payment (see U.S. Bank N.A. v Saravanan, 146 AD3d at 1011). In opposition, the defendant failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320).
Accordingly, we agree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his affirmative defenses, and for the appointment of a referee. We also agree with the court's denial of the defendant's cross motion to compel further discovery on the issue of standing (see CPLR 3124; cf. U.S. Bank N.A. v Ventura, 130 AD3d 919).
BALKIN, J.P., LEVENTHAL, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court