Central Mtge. Co. v Canas (2019 NY Slip Op 04909)





Central Mtge. Co. v Canas


2019 NY Slip Op 04909


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-00828
2017-02041
 (Index No. 12788/13)

[*1]Central Mortgage Company, respondent, 
v
Jose Canas, et al., defendants, Alfredo Saab, appellant.


Harvey Sorid, Uniondale, NY, for appellant.
Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Rajdai D. Singh of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Alfredo Saab appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered July 17, 2015, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered December 14, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Alfredo Saab and for an order of reference. The order and judgment of foreclosure and sale, insofar as appealed from, upon the order, granted the plaintiff's motion to confirm a referee's report and directed the foreclosure sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Alfredo Saab and for an order of reference are denied, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Alfredo Saab.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
The plaintiff commenced this action against the defendant Alfredo Saab, among others, to foreclose a mortgage on residential property located in Westbury. Saab interposed an answer generally denying the allegations in the verified complaint and asserting various affirmative defenses, including lack of standing and failure to comply with RPAPL 1304. After discovery, the plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. Saab opposed the motion and cross-moved for summary judgment dismissing the complaint. By [*2]order entered July 17, 2015, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Saab and for an order of reference. By order and judgment of foreclosure and sale entered December 14, 2016, the Supreme Court, among other things, granted the plaintiff's motion to confirm the referee's report and directed the foreclosure sale of the property. Saab appeals.
" Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default'" (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684, quoting Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). Additionally, where a defendant places standing in issue, the plaintiff must prove its standing in order to be entitled to relief (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684; Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 628, affd 25 NY3d 355; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 242). A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684).
Here, the plaintiff produced the mortgage, the unpaid note, and the affidavit of its Assistant Vice President Teresa Swayze, who attested to Saab's default. Additionally, the plaintiff established its standing as the holder of the note at the time the action was commenced by attaching a copy of the note, properly endorsed in blank, to a certificate of merit, which was filed with the verified complaint (see US Bank N.A. v Coppola, 156 AD3d 934; Deutsche Bank Natl. Trust Co. v Carlin, 152 AD3d 491, 492; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645; Deutsche Bank Natl. Trust Co. v Leigh, 137 AD3d 841, 842).
Nevertheless, the plaintiff failed to establish, prima facie, that it complied with RPAPL 1304. "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (U.S. Bank N.A. v Fisher, 169 AD3d 1089, 1091; see Fifth Third Mtge. Co. v Seminario, 168 AD3d 1041, 1042). The statute requires that such notice must be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304[2]). By imposing these specific mailing requirements, " the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing,' which can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (see Bank of Am., N.A. v Bittle, 168 AD3d 656, 658, quoting Wells Fargo Bank NA v Mandrin, 160 AD3d 1014, 1016).
Here, although Swayze stated in her affidavit that the RPAPL 1304 notice was mailed to Saab on May 8, 2013, this assertion falls short of constituting admissible evidence sufficient to demonstrate prima facie that the notice was actually mailed in the manner required by the statute. Swayze did not claim that she personally mailed the notice to Saab. Further, she did not aver that she was familiar with the plaintiff's mailing practices and procedures, and, therefore, did not establish the existence of a standard office practice and procedure designed to ensure that items are properly addressed and mailed (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, ____, 2019 NY Slip Op 02846, *2 [2d Dept 2019]; Aurora Loan Servs., LLC v Vrionedes, 167 AD3d 829, 832; U.S. Bank N.A. v Henderson, 163 AD3d 601, 603; Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016; Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049, 1050). Since the plaintiff failed to establish, prima facie, strict compliance with RPAPL 1304, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Saab and for an order of reference (see Aurora Loan Servs., LLC v Vrionedes, 167 AD3d at 832-833; Wells Fargo Bank, N.A. v Trupia, 150 AD3d at 1051).
In light of our determination, Saab's remaining contentions need not be reached.
CHAMBERS, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court