Nationstar Mtge., LLC v Durane-Bolivard (2019 NY Slip Op 06502)





Nationstar Mtge., LLC v Durane-Bolivard


2019 NY Slip Op 06502


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-05250
 (Index No. 6017/14)

[*1]Nationstar Mortgage, LLC, respondent, 
v
Marie Durane-Bolivard, appellant, et al., defendants.


Holly C. Meyer, Bohemia, NY, for appellant.
Davidson Fink LLP (McGlinchey Stafford, New York, NY [Brian S. McGrath and Mitra Paul Singh], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Marie Durane-Bolivard appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered February 28, 2018. The order and judgment of foreclosure and sale, upon an order of the same court entered September 13, 2016, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and dismissing her first, third, and fourth affirmative defenses, and to appoint a referee to compute the amount due to the plaintiff, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, the referee's report is rejected, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.
The plaintiff commenced this action against the defendant Marie Durane-Bolivard (hereinafter the defendant), among others, to foreclose a mortgage. The defendant interposed an answer in which she asserted various affirmative defenses, including lack of standing, failure to comply with RPAPL 1304, and failure to comply with a condition precedent set forth in the subject mortgage requiring that the plaintiff tender the defendant a notice of default prior to accelerating the mortgage. In an order entered September 13, 2016, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and dismissing her first, third, and fourth affirmative defenses, and to appoint a referee to compute the amount due to the plaintiff. In an order and judgment of foreclosure and sale entered February 28, 2018, the court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals from the order and judgment of foreclosure and sale. The appeal from the order and judgment of foreclosure and sale brings up for review the order entered September 13, 2016 (see CPLR 5501[a][1]; Nationstar Mortgage, LLC v Durane-Bolivard, ___ AD3d ___ [Appellate Division Docket No. 2017-00437; decided herewith]).
"[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). The statute requires that such notice must be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304[2]). "By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing, which can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20-21 [internal quotation marks omitted]; see Bank of Am., N.A. v Bittle, 168 AD3d 656, 658; Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016).
Contrary to the defendant's contention, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law on the issue of compliance with RPAPL 1304 by submitting evidence that it mailed the RPAPL 1304 notice to the defendant at her last known address by both certified and first-class mail. The plaintiff submitted an affidavit of a person employed by the plaintiff as a document execution specialist, who described the procedure by which the RPAPL 1304 notice was mailed to the defendant by both certified and first-class mail. The plaintiff also submitted, inter alia, a copy of an envelope addressed to the defendant bearing a certified mail 20-digit barcode, and a copy of an envelope bearing a first-class mail 10-digit barcode, along with copies of the RPAPL 1304 notices sent to the defendant (see Nationstar Mtge., LLC v LaPorte, 162 AD3d 784, 786; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 827). In opposition, the defendant failed to raise a triable issue of fact (see Flagstar Bank, FSB v Mendoza, 139 AD3d 898, 900). The plaintiff also established, prima facie, that it complied with section 22 of the mortgage, which required service of a specified default notice as a condition precedent to acceleration of the loan, and the defendant failed to raise a triable issue of fact in opposition (see HSBC Bank USA, N.A. v Ozcan, 154 AD3d at 827; OneWest Bank, FSB v Simpson, 148 AD3d 920, 922; Grogg v South Rd. Assoc., L.P., 74 AD3d 1021, 1022).
The plaintiff further established, prima facie, its standing to commence the action, as evidenced by its attachment of a copy of the note, endorsed in blank, to the summons and complaint at the time the action was commenced (see Nationstar Mtge., LLC v LaPorte, 162 AD3d at 785; US Bank N.A. v Coppola, 156 AD3d 934, 934; Deutsche Bank Natl. Trust Co. v Carlin, 152 AD3d 491, 492; Wells Fargo Bank, N.A. v Thomas, 150 AD3d 1312, 1313; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645). In opposition, the defendant failed to raise a triable issue of fact.
The defendant does not otherwise dispute the plaintiff's entitlement to summary judgment on the complaint insofar as asserted against the defendant. Accordingly, we agree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and dismissing her first, third, and fourth affirmative defenses, and for the appointment of a referee to compute the amount due to the plaintiff.
However, the Supreme Court should have denied the plaintiff's subsequent motion to confirm the referee's report and for a judgment of foreclosure and sale.
"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Flagstar Bank, F.S.B. v Konig, 153 AD3d 790, 790-791; see JNG Constr., Ltd. v Roussopoulos, 170 AD3d 1136; Thomas v Thomas, 21 AD3d 949, 949). The referee's findings and recommendations are advisory only and have no binding effect on the court, which remains the ultimate arbiter of the dispute (see Shultis v Woodstock Land Dev. Assoc., 195 AD2d 677, 678).
Here, with respect to the amount due to the plaintiff, the referee based his findings [*2]on an affidavit of Theresa Robertson, an employee of the plaintiff, who averred, based on her review of the plaintiff's business records, that the defendant defaulted by failing to make the payment due on May 1, 2010, and "all subsequent payments." However, as the defendant correctly contends, Robertson's assertions in that regard constituted inadmissible hearsay (see Hypo Holdings, Inc. v Feuer, 68 AD3d 722, 722), since the records themselves were not provided to the referee (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208-209; Citimortgage, Inc. v Kidd, 148 AD3d 767, 768-769). Moreover, even if the records had been provided, " [a] proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures'" (Federal Natl. Mtge. Assn. v Marlin, 168 AD3d 679, 681, quoting Citibank, N.A. v Cabrera, 130 AD3d 861, 861). Nothing in Robertson's affidavit, in which she averred that the plaintiff received the original note on May 13, 2013, indicated that the plaintiff was the maker of the records relating to the defendant's alleged initial default in May 2010 and her alleged failure to make payments for some period of time thereafter. Robertson also did not aver that the records provided by the maker were incorporated into the plaintiff's records and routinely relied upon by the plaintiff in its own business (see Bank of N.Y. Mellon v Gordon, 171 AD3d at 209-210). Therefore, the plaintiff failed to lay a proper foundation for the business records on which Robertson relied with respect to the amount due to the plaintiff. Contrary to the plaintiff's contention, under the circumstances presented, the Supreme Court's error in relying on the hearsay evidence was not harmless (see Citimortgage, Inc. v Kidd, 148 AD3d at 768-769; cf. 33-37 Farrington, LLC v Global Universal Group, Ltd., 165 AD3d 1018, 1020; Barracato v Camp Bauman Buses, 217 AD2d 677, 678).
Accordingly, we reverse the order and judgment of foreclosure and sale, deny the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and remit the matter to the Supreme Court, Nassau County, for a new report computing the amount due to the plaintiff in accordance herewith, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter.
SCHEINKMAN, P.J., COHEN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court