Bayview Loan Servicing, LLC v Charleston (2019 NY Slip Op 06463)





Bayview Loan Servicing, LLC v Charleston


2019 NY Slip Op 06463


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-01299
 (Index No. 2184/15)

[*1]Bayview Loan Servicing, LLC, respondent,
v
Joel Charleston, as temporary administrator of the estate of Leonel Escobar, etc., appellant, et al., defendants.


Joel Charleston, as temporary administrator of the estate of Leonel Escobar, North Woodmere, NY, appellant pro se.
Woods Oviatt Gilman LLP, Rochester, NY (Richard S. Mullen of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Joel Charleston, as temporary administrator of the estate of Leonel Escobar, appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered October 26, 2016. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 3124 to compel the plaintiff to produce certain documents and respond to interrogatories.
ORDERED that the order is modified, on the law and the facts, by deleting the provision thereof denying that branch of the motion of the defendant Joel Charleston, as temporary administrator of the estate of Leonel Escobar, which was pursuant to CPLR 3124 to compel the plaintiff to produce the original note and endorsements, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Joel Charleston, as temporary administrator of the estate of Leonel Escobar.
On July 11, 2006, Leonel Escobar (hereinafter Escobar) executed and delivered to the original lender a note promising to repay a loan in the amount of $375,000, secured by a mortgage encumbering certain real property located in Inwood. By written assignment dated April 5, 2014, the mortgage allegedly was assigned to the plaintiff.
In March 2015, the plaintiff commenced the instant foreclosure action against Joel Charleston, as temporary administrator of the estate of Escobar (hereinafter the defendant), among others. Attached to the complaint was a copy of the note, with three endorsements, including an undated endorsement in blank from the plaintiff's immediate predecessor-in-interest. According to the plaintiff, the endorsements were stamped on the back of the last page of the note; therefore, "[n]o allonge was necessary or executed in relation to the subject note." The defendant interposed an answer in which he raised lack of standing as his sole affirmative defense.
On June 30, 2015, the defendant sent the plaintiff a notice for discovery and inspection, as well as a first demand for interrogatories. On January 21, 2016, the plaintiff answered the discovery demands by presenting some of the requested documents, including copies of the note and mortgage, but raising objections to most of the demands as being "overbroad, unduly burdensome, and vague" and "duplicative in nature." In June 2016, the defendant moved, inter alia, to compel the plaintiff to present for the personal inspection of the defendant's counsel the originals of the documents sought as part of the defendant's notice for discovery and inspection, and to compel the plaintiff to answer the defendant's interrogatories. The plaintiff opposed the motion. By order entered October 26, 2016, the Supreme Court denied the motion. The defendant appeals.
CPLR 3101 provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by . . . a party, or the officer, director, member, agent or employee of a party" (CPLR 3101[a][1]). Pursuant to CPLR 3124, "[i]f a person fails to respond to or comply with any request, notice, interrogatory, demand, question or order . . . the party seeking disclosure may move to compel compliance or a response." To prevail on its motion, the defendant was required to "satisfy the threshold requirement of demonstrating that the disclosure sought is material and necessary' to [its] affirmative defense alleging that the plaintiff lacked standing to commence this action" (U.S. Bank N.A. v Ventura, 130 AD3d 919, 920; see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 686; Altonen v Kmart of NY Holdings, Inc., 94 AD3d 920).
Here, the defendant contends that the documents and interrogatories at issue are "material and necessary" to prove the defense of lack of standing. We find there is merit to this contention to the extent that it pertains to the production, for the defendant's inspection, of the original note and endorsements.
A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Nationstar Mtge., LLC v Rodriguez, 166 AD3d 990, 992; Central Mtge. Co. v Jahnsen, 150 AD3d 661, 663; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Nationstar Mtge., LLC v Rodriguez, 166 AD3d at 992 [internal quotation marks omitted]; see Central Mtge. Co. v Jahnsen, 150 AD3d at 663; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726). A plaintiff may establish, prima facie, its standing as the holder of the note by demonstrating that a copy of the note, including an endorsement in blank, was among the exhibits annexed to the complaint at the time the action was commenced (see U.S. Bank N.A. v Fisher, 169 AD3d 1089; Nationstar Mtge., LLC v Rodriguez, 166 AD3d at 992; U.S. Bank N.A. v Duthie, 161 AD3d 809, 811; Deutsche Bank Natl. Trust Co. v Carlin, 152 AD3d 491, 492-493; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645). A "promissory note [is] a negotiable instrument within the meaning of the Uniform Commercial Code" (Mortgage Elec. Registration Sys., Inc. v. Coakley, 41 AD3d 674, 674; see UCC 3-104[2][d]; Bayview Loan Servicing, LLC v Kelly, 166 AD3d 843, 845; US Bank, N.A. v Zwisler, 147 AD3d 804, 806). A "holder" is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession" (UCC 1-201[b][21][A]; see UCC 3-301; Bayview Loan Servicing, LLC v Kelly, 166 AD3d at 845-846; US Bank, N.A. v Zwisler, 147 AD3d at 806). Where an instrument is endorsed in blank, it may be negotiated by delivery (see UCC 3-202[1]; 3-204[2]; Bayview Loan Servicing, LLC v Kelly, 166 AD3d at 845-846; US Bank, N.A. v Zwisler, 147 AD3d at 806). "An indorsement must be . . . on the instrument or on a paper so firmly affixed thereto as to become a part thereof" (UCC 3-202[2]).
It is undisputed that a copy of the underlying note was annexed to the complaint. However, it cannot be ascertained from the copy of the note provided by the plaintiff whether the separate page that bears the endorsement in blank was stamped on the back of the note, as alleged by the plaintiff, or on an allonge, and if on an allonge, whether the allonge was "so firmly affixed as to become a part thereof," as required under UCC 3-202(2). Since the answers to these questions are "material and necessary" to the defense of lack of standing, the Supreme Court should have [*2]granted that branch of the defendant's motion which was pursuant to CPLR 3124 to compel the plaintiff to produce the original note and endorsements (see One Westbank FSB v Rodriguez, 161 AD3d 715, 716; HSBC Bank USA, N.A. v Roumiantseva, 130 AD3d 983, 985).
The defendant's remaining contentions have been rendered academic by the plaintiff's abandonment, as indicated in its brief, of its reliance upon the assignments of mortgage to establish its standing to foreclose.
MASTRO, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court