U.S. Bank N.A. v Combs (2019 NY Slip Op 08592)





U.S. Bank N.A. v Combs


2019 NY Slip Op 08592


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-03524
 (Index No. 707167/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Marc D. Combs, appellant, et al., defendants.


Brian McCaffrey, Attorney at Law, P.C., Jamaica, NY, for appellant.
Gross Polowy, PLLC (Reed Smith LLP, New York, NY [Andrew B. Messite and Zalika T. Pierre], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Marc D. Combs appeals from a judgment of foreclosure and sale of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered May 3, 2018. The judgment of foreclosure and sale, upon, inter alia, an order of the same court entered March 8, 2017, granting the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale and denying the cross motion of the defendants Marc D. Combs and Myschelle Combs to dismiss the complaint insofar as asserted against them, inter alia, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
On July 13, 2006, the defendants Marc D. Combs and Myschelle Combs (hereinafter together the Combs defendants) executed and delivered to Mortgage Lenders Network USA, Inc., a note promising to repay a purchase loan in the amount of $440,000. The note was secured by a mortgage executed on that same date, encumbering certain real property located in Far Rockaway. The Combs defendants allegedly defaulted on their monthly mortgage payments due September 1, 2009, and thereafter. On October 3, 2014, the plaintiff commenced the instant action to foreclose the mortgage. The Combs defendants answered the complaint, raising, inter alia, lack of standing as an affirmative defense.
Subsequently, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the Combs defendants and for an order of reference. The Combs defendants opposed the motion. On March 23, 2016, the Supreme Court granted the plaintiff's motion and appointed a referee. Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The Combs defendants opposed the plaintiff's motion and cross-moved to dismiss the complaint insofar as asserted against them. By order entered March 8, 2017, the court granted the plaintiff's motion and denied the Combs defendants' cross motion. A judgment of foreclosure and sale was entered on May 3, 2018, inter alia, confirming the referee's report and directing the sale of the subject property. Marc D. Combs (hereinafter the appellant) appeals.
Where, as here, the plaintiff's standing has been placed in issue by a defendant's [*2]answer, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment (see JPMorgan Chase Bank, N.A. v Rosa, 169 AD3d 887, 889; U.S. Bank N.A. v Nelson, 169 AD3d 110, 114; U.S. Bank N.A. v Greenberg, 168 AD3d 893, 894; HSBC Bank USA, N.A. v Oscar, 161 AD3d 1055, 1056). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Nationstar Mtge., LLC v Rodriguez, 166 AD3d 990, 992; Central Mtge. Co. v Jahnsen, 150 AD3d 661, 663; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Nationstar Mtge., LLC v Rodriguez, 166 AD3d at 992 [internal quotation marks omitted]; see Central Mtge. Co. v Jahnsen, 150 AD3d at 663; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726).
In this case, the plaintiff established its standing by attaching a copy of the note, endorsed to the plaintiff, to the complaint, thereby "demonstrating that it had physical possession of the note when it commenced the action" (U.S. Bank N.A. v Fisher, 169 AD3d 1089, 1090-1091; see Nationstar Mtge., LLC v Rodriguez, 166 AD3d at 992; U.S. Bank N.A. v Duthie, 161 AD3d 809, 811; Deutsche Bank Natl. Trust Co. v Carlin, 152 AD3d 491, 492-493; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645). In opposition, the Combs defendants failed to raise a triable issue of fact. Contrary to the appellant's contention, the validity of the various assignments of the mortgage is irrelevant to the issue of standing (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362; Bank of N.Y. Mellon v Hosein, 172 AD3d 798; New York Community Bank v McClendon, 138 AD3d 805, 807).
The appellant's additional contention that the affidavit of a representative of the plaintiff's loan servicer was inadmissible because the representative was not employed by the plaintiff and lacked knowledge of the plaintiff's record-keeping practices is likewise without merit. Since the relevant business records were those of the loan servicer rather than the plaintiff, the affiant, as an officer of the loan servicer who established her knowledge of the loan servicer's record-keeping practices and procedures, was competent to submit the affidavit (see generally CPLR 4518[a]; People v Kennedy, 68 NY2d 569, 579-580; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 206-207).
Accordingly, we affirm the judgment of foreclosure and sale.
MASTRO, J.P., DILLON, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court