■ JOSE ARRIOLA, Respondent, v CITY OF NEW YORK, Defendant/Third-Party Plaintiff-Respondent-Appellant, and NEW YORK CITY DEPARTMENT OF CORRECTION, Respondent-Appellant. LIRO ENGINEERING & CONSTRUCTION MANAGEMENT, P.C., Third-Party Defendant/Second Third-Party Plaintiff-Appellant-Respondent; ATLAS FENCE COMPANY, Third-Party Defendant-Respondent; C & L CONTRACTING CORP., Second Third-Party Defendant-Respondent. [9 NYS3d 344]—

In an action to recover damages for personal injuries, Liro Engineering & Construction Management, P.C., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated December 7, 2012, as denied its cross motion, in effect, for conditional summary judgment on its causes of action for contractual indemnification, and the City of New York and the New York City Department of Correction cross-appeal, as limited by their brief, from so much of the same order as denied the cross motion of the City of New York, in effect, for conditional summary judgment on its causes of action for contractual indemnification against Liro Engineering & Construction Management, P.C.

Ordered that the cross appeal by the New York City Department of Correction is dismissed, as it is not aggrieved by the portion of the order cross-appealed (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144, 156-157 [2010]); and it is further,

Ordered that the order is affirmed insofar as appealed from and insofar as cross-appealed from by the defendant City of New York; and it is further,

Ordered that one bill of costs is awarded to C & L Contracting Corp., payable by Liro Engineering & Construction Management, P.C., and the defendants City of New York and New York City Department of Correction.

The plaintiff, an employee of the third-party defendant, Atlas Fence Company (hereinafter Atlas), was injured while working at a construction site when he fell from a ladder. The plaintiff commenced this action to recover damages for personal injuries against, among others, the owner of the site, the City of New York, which then commenced a third-party action for, inter alia, contractual indemnification, against Atlas and the construction manager, Liro Engineering & Construction Management, P.C. (hereinafter Liro). Liro then commenced a second third-party action against the general contractor, C & L Contracting Corp. (hereinafter C & L), asserting claims against it for, among other things, contractual indemnification.

C & L moved to compel certain discovery from all parties. Liro then cross-moved, in effect, for conditional summary judgment on its second third-party causes of action for contractual indemnification against C & L. The City then separately cross-moved, in effect, for conditional summary judgment on its third-party causes of action for contractual indemnification against Liro. The Supreme Court denied the motion and the cross motions.

"A court may render a conditional judgment on the issue of contractual indemnity, pending determination of the primary

action so that the indemnitee may obtain the earliest possible determination as to the extent to which he or she may expect to be reimbursed" (*Jamindar v Uniondale Union Free School Dist.*, 90 AD3d 612, 616 [2011]; *see George v Marshalls of MA, Inc.*, 61 AD3d 925, 931 [2009]; *O'Brien v Key Bank*, 223 AD2d 830, 831 [1996]). The party seeking contractual indemnification must establish that it was free from negligence and that it may be held liable solely by virtue of statutory or vicarious liability (*see Van Nostrand v Race & Rally Constr. Co., Inc.*, 114 AD3d 664, 667 [2014]; *Jamindar v Uniondale Union Free School Dist.*, 90 AD3d at 616; *Correia v Professional Data Mgt.*, 259 AD2d 60, 65 [1999]).

The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Failure to make such prima facie showing requires denial of the motion, regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). Here, Liro failed to establish, prima facie, that it was free from negligence with regard to the happening of the accident. In support of its cross motion, it submitted only the pleadings and its contract with C & L, but no evidence regarding the circumstances of how the accident occurred. On appeal, Liro relies on the deposition transcripts that it submitted in reply to C & L's opposition to Liro's cross motion. The moving party, however, cannot meet its prima facie burden by submitting evidence for the first time in reply (*see DiLapi v Saw Mill Riv., LLC*, 122 AD3d 896, 900 [2014]; *6014 Eleventh Ave. Realty, LLC v 6014 AH, LLC*, 114 AD3d 661, 662 [2014]; *Daguerre, S.A.R.L. v Rabizadeh*, 112 AD3d 876, 879 [2013]; *Cotter v Brookhaven Mem. Hosp. Med. Ctr., Inc.*, 97 AD3d 524, 525 [2012]; *Tingling v C.I.N.H.R., Inc.*, 74 AD3d 954, 956 [2010]). Accordingly, the Supreme Court properly denied Liro's cross motion, in effect, for conditional summary judgment on its second third-party causes of action for contractual indemnification.

For the same reasons, the City failed to establish its prima facie entitlement to judgment as a matter of law. In support of its separate cross motion, in effect, for conditional summary judgment on its third-party causes of action for contractual indemnification against Liro, it relied on the evidence submitted by Liro on its cross motion and additionally submitted only

the contract between the City and Liro. The City's submissions failed to establish, prima facie, that it was free from negligence with regard to the happening of the accident. Accordingly, the Supreme Court properly denied its cross motion. To the extent that the City argues that it was entitled to an award of conditional summary judgment on the issue of contractual indemnity as to C & L, based on the record, it appears that the City has asserted no cause of action against C & L, which was not named as third-party a defendant in the third-party complaint. Mastro, J.P., Leventhal, Cohen and Maltese, JJ., concur.