■ OneWest Bank, FSB, Respondent, v Gladys Simpson et al., Appellants, et al., Defendants. [49 NYS3d 523]—

In an action to foreclose a mortgage, the defendants Gladys Simpson and Toni K. Bolt appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Nassau County (Marber, J.), entered October 17, 2014, as granted the branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against them, to strike their answer, and for an order of reference, and (2) so much of an order of the same court entered November 12, 2014, as granted that same branch of the plaintiff's motion, struck their answer, and appointed a referee to compute the amount due to the plaintiff.

Ordered that the appeal from the order entered October 17, 2014, is dismissed, as the portion of the order appealed from was superseded by the order entered November 12, 2014; and it is further,

Ordered that the order entered November 12, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In November 2005, United Mortgage Corp. (hereinafter United) loaned the principal sum of $469,324.50 to Gloria Johnson (hereinafter the decedent). The loan was evidenced by a note and secured by a home equity conversion mortgage, also known as a reverse mortgage, encumbering certain real property in Westbury. Upon the decedent's death in July 2011, her daughters, the defendants Toni K. Bolt and Stephanie Washington, as co-administrators of her estate, instead of

satisfying the debt pursuant to the terms of the reverse mortgage, conveyed the property to their grandmother, the defendant Gladys Simpson, for no consideration.

In December 2012, United assigned the reverse mortgage to the plaintiff, OneWest Bank, FSB (hereinafter OneWest). In May 2013, OneWest commenced this action to foreclose the reverse mortgage. Gladys Simpson and Bolt (hereinafter together the defendants) filed an answer asserting various affirmative defenses. In July 2014, OneWest moved, inter alia, for summary judgment on the complaint, to strike the defendants' answer, and for an order of reference. The defendants opposed the motion, arguing, among other things, that OneWest lacked standing and failed to comply with a condition precedent contained in paragraphs 16 and 20 of the reverse mortgage, which together require that OneWest provide the borrower with a notice of default "by delivering [the notice] or by mailing [the notice] by first class mail" prior to acceleration of the reverse mortgage.

By order entered October 17, 2014, the Supreme Court granted that branch of OneWest's motion which was for summary judgment on the complaint, to strike the answer, and for an order of reference, and directed OneWest to forward a proposed order to the foreclosure clerk for execution. In an order entered November 12, 2014, the court, among other things, granted that same branch of the motion, struck the defendants' answer, and appointed a referee to compute the amount due. The defendants appeal, and we affirm insofar as appealed from.

"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (*Plaza Equities, LLC v Lamberti*, 118 AD3d 688, 689 [2014]). Moreover, where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (*see Bank of N.Y. Mellon v Visconti*, 136 AD3d 950 [2016]; *HSBC Bank USA, N.A. v Spitzer*, 131 AD3d 1206, 1207 [2015]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it was either the holder or assignee of the underlying note at the time the action was commenced (*see Aurora Loan Servs., LLC v Taylor*, 114 AD3d 627 [2014], *affd* 25 NY3d 355 [2015]; *Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]). "Either a written assignment of the underlying note or the physical delivery of the note

prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d at 754; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361-362).

Here, in support of its motion for summary judgment on the complaint, OneWest demonstrated its standing by submitting, inter alia, the affidavit of an assistant secretary who averred that OneWest had physical possession of the note on a date certain nearly two years prior to the commencement of the action (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361; *One W. Bank, FSB v Albanese*, 139 AD3d 831, 832 [2016]; *Bank of N.Y. Mellon v Visconti*, 136 AD3d at 950; *Onewest, F.S.B. v Goddard*, 131 AD3d 1028, 1029 [2015]; *HSBC Bank USA, N.A. v Spitzer*, 131 AD3d at 1207). OneWest further established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of the decedent's death, which constituted a ground for acceleration of the debt under the terms of the reverse mortgage (*see Bank of N.Y. Mellon v Visconti*, 136 AD3d at 950-951; *Emigrant Bank v Larizza*, 129 AD3d 904, 905 [2015]). OneWest submitted copies of a repayment notice mailed to the decedent's estate. The affidavit of OneWest's assistant secretary stated that the repayment notice was sent "according to the provisions of the mortgage."

Contrary to the defendants' contention, the Supreme Court properly concluded that OneWest established, prima facie, that it complied with the conditions precedent contained in paragraphs 16 and 20 of the reverse mortgage by actually delivering or mailing, by first class mail, notice that repayment of the note was required (*see TD Bank, N.A. v Mandia*, 133 AD3d 590, 591 [2015]). In opposition, Bolt denied receipt. However, the notice was addressed to the estate, not Bolt directly, pursuant to the terms of the mortgage. In reply, the plaintiff submitted internal loan "Tracking" records demonstrating that the notice was indeed mailed to the estate.

Under the circumstances of this case, the Supreme Court providently considered internal loan "Tracking" records, submitted by the plaintiff in its reply papers. Although a party moving for summary judgment cannot meet its prima facie burden by submitting evidence for the first time in reply (*see Citimortgage, Inc. v Espinal*, 134 AD3d 876, 879 [2015]; *Arriola v City of New York*, 128 AD3d 747, 749 [2015]), and generally, evidence submitted for the first time in reply papers should be disregarded by the court (*see e.g. Citimortgage, Inc. v*

*Espinal*, 134 AD3d at 879), the evidence submitted here was properly considered, since it was in response to Bolt's denial of receipt, clarified that the notice was indeed mailed to the decedent's estate in accordance with the terms of the mortgage, and further clarified that there was no issue of fact warranting the denial of summary judgment.

The defendants' remaining contention is without merit.

Accordingly, the Supreme Court properly granted that branch of OneWest's motion which was for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.