In an action to foreclose a mortgage, the defendant Ella Osias appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Queens County (McDonald, J.), entered August 4, 2015, as granted those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against her, to strike her answer, affirmative defenses, and counterclaim, and for an order of reference, and (2) so much of an order of the same court, also entered August 4, 2015, as granted those same branches of the plaintiff’s motion, directed dismissal of her answer, affirmative defenses, and counterclaim, and appointed a referee to compute the amount due to the plaintiff.
 

 Ordered that the appeal from the first order entered August 4, 2015, is dismissed, as the portion of the order appealed from was superseded by the second order; and it is further,
 

 Ordered that the second order entered August 4, 2015, is reversed insofar as appealed from, on the law, those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against the defendant Ella Osias, to strike that defendant’s answer, affirmative defenses, and counterclaim, and for an order of reference are denied, and so much of the first order entered August 4, 2015, as also granted those branches of the plaintiffs motion is vacated; and it is further,
 

 Ordered that one bill of costs is awarded to the defendant Ella Osias.
 

 In November 2006, Countrywide Bank, N.A., loaned to Ella Osias (hereinafter the defendant) the principal sum of $720,000, evidenced by a note and secured by a mortgage encumbering real property in Bayside. Paragraph 7, subsection C, of the note provided, inter alia, that in the event of the borrower’s default, the holder of the note would provide the borrower with a notice of default that could accelerate the debt.
 

 In September 2014, the plaintiff commenced this action to foreclose the mortgage. As part of her affirmative defenses and counterclaim, the defendant asserted, inter alia, that the plaintiff lacked standing and failed to show that it complied with the condition precedent contained in paragraph 7, subsection C, of the note. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint, to strike the defendant’s answer, affirmative defenses, and counterclaim, and to appoint a referee to compute the amount due to the plaintiff. In two separate orders entered August 4, 2015, the Supreme Court, inter alia, granted those branches of the plaintiffs motion.
 

 “Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default” (Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689 [2014]). Moreover, where, as here, a plaintiffs standing to commence a foreclosure action is placed in issue by a defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see Bank of N.Y. Mellon v Visconti, 136 AD3d 950 [2016]; HSBC Bank USA, N.A. v Spitzer, 131 AD3d 1206, 1206-1207 [2015]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it was either the holder or assignee of the underlying note at the time the action was commenced (see Aurora Loan Servs., LLC v Taylor, 114 AD3d 627 [2014], affd 25 NY3d 355 [2015]; Bank of N.Y. v Silverberg, 86 AD3d 274, 279 [2011]; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753 [2009]). “Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident” (U.S. Bank, N.A. v Collymore, 68 AD3d at 754).
 

 Here, in support of its motion for summary judgment on the complaint, the plaintiff established, prima facie, its standing by demonstrating that it was in physical possession of the note, which it annexed to the complaint, at the time the action was commenced (see JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645 [2016]). The plaintiff further established its prima facie entitlement to judgment as a matter of law by also submitting the mortgage, and the affidavit of its servicing agent, attesting to the defendant’s default in the repayment of her mortgage loan obligation {see id. at 645).
 

 Nevertheless, the plaintiff failed to establish, prima facie, that it complied with the condition precedent contained in paragraph 7, subsection C, of the note (see HSBC Mtge. Corp. [USA] v Gerber, 100 AD3d 966, 966-967 [2012]; Norwest Bank Minn. v Sabloff, 297 AD2d 722 [2002]; cf. OneWest Bank, FSB v Simpson, 148 AD3d 920, 922 [2017]). “[A] party moving for summary judgment cannot meet its prima facie burden by submitting evidence for the first time in reply, and generally, evidence submitted for the first time in reply papers should be disregarded by the court” (OneWest Bank, FSB v Simpson, 148 AD3d at 922 [citations omitted]). Here, since the defendant raised the issue of compliance with paragraph 7, subsection C, of the note in her affirmative defenses and counterclaim, the plaintiff’s submission for the first time of a copy of the requisite default notice with its reply to the defendant’s opposition to the summary judgment motion was not sufficient to establish its prima facie compliance (see Central Mtge. Co. v Jahnsen, 150 AD3d 661 [2017]; OneWest Bank, FSB v Simpson, 148 AD3d at 922-923; Arriola v City of New York, 128 AD3d 747, 749 [2015]; cf. Studer v Newpointe Estates Condominium, 152 AD3d 555 [2017]). Since the plaintiff failed to meet its prima facie burden on the motion, we need not consider the sufficiency of the defendant’s opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
 

 Accordingly, the Supreme Court should have denied those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant’s answer, affirmative defenses, and counterclaim, and for an order of reference.
 

 In light of our determination, we need not reach the defendant’s remaining contentions.
 

 Rivera, J.R, Roman, LaSalle and Barros, JJ., concur.