Bank of N.Y. Mellon v Hoshmand (2018 NY Slip Op 00818)





Bank of N.Y. Mellon v Hoshmand


2018 NY Slip Op 00818


Decided on February 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2016-00149
 (Index No. 15392/12)

[*1]Bank of New York Mellon, etc., respondent, 
v
Gila Hoshmand, et al., appellants, et al., defendants.


The Schwartz Law Group, P.C., Bethpage, NY (Kenneth B. Schwartz of counsel), for appellants.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Jason P. Dionisio of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated November 20, 2015. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendants Gila Hoshmand and Samuel Hoshmand (hereinafter together the appellants) defaulted on their consolidated mortgage loan. The plaintiff, the holder of the consolidated mortgage and consolidated note, commenced this action to foreclose the consolidated mortgage against, among others, the appellants. The appellants did not appear in the action or answer the complaint. On November 18, 2014, the Supreme Court granted the plaintiff's motion for an order of reference and denied the appellants' cross motion to vacate their default. Subsequently, the plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale, and the appellants opposed the motion. In the order appealed from, the Supreme Court, inter alia, granted those branches of the plaintiff's motion.
Contrary to the appellants' contention, the Supreme Court properly considered a renewed power of attorney submitted by the plaintiff in reply to the appellants' opposition to its motion. "The function of reply papers is to address arguments made in opposition to the position taken by the movant" (Central Mtge. Co. v Jahnsen, 150 AD3d 661, 664 [internal quotation marks omitted]; see OneWest Bank, FSB v Simpson, 148 AD3d 920, 923). Here, the renewed power of attorney submitted by the plaintiff was offered in response to the appellants' argument made in opposition that the plaintiff's affidavit of merit, signed by the assistant vice president of its servicing agent, was invalid because it was signed after the original power of attorney submitted by the plaintiff had expired. The renewed power of attorney merely clarified that the plaintiff's servicing agent continued to have the authority to act on behalf of the plaintiff at the time the affidavit was signed (see Central Mtge. Co. v Jahnsen, 150 AD3d at 664; OneWest Bank, FSB v Simpson, 148 AD3d at 923).
The Supreme Court properly confirmed the referee's report. Contrary to the appellants' contention, under the circumstances of this case, the referee was not required to conduct a hearing before issuing her report (see Deutsche Bank Natl. Trust Co. v Williams, 134 AD3d 981; Wachovia Mtge. Corp. v Lopa, 129 AD3d 830, 831; Capital One, N.A. v Knollwood Props. II, LLC, 98 AD3d 707, 708; Dune Deck Owners Corp. v J.J. & P. Assoc. Corp., 85 AD3d 1091; Deutsche Bank Natl. Trust Co. v Zlotoff, 77 AD3d 702; Deutsche Bank Natl. Trust Co. v Jackson, 68 AD3d 805).
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale.
DILLON, J.P., BALKIN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court