Pennymac Holdings, LLC v Lane (2019 NY Slip Op 02533)





Pennymac Holdings, LLC v Lane


2019 NY Slip Op 02533


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-10579
 (Index No. 31710/15)

[*1]Pennymac Holdings, LLC, respondent,
v
Lawanda Lane, appellant, et al., defendants.


Allen A. Kolber, Suffern, NY, for appellant.
Akerman LLP, New York, NY (Jordan M. Smith and Joseph DeFazio of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Lawanda Lane appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated September 27, 2016. The order granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against that defendant and denied that defendant's cross motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her.
ORDERED that the order is affirmed, with costs.
On November 13, 2006, the defendant Lawanda Lane (hereinafter the defendant) executed a promissory note in the amount of $700,000, which was secured by a mortgage on residential property located in Montebello. On January 3, 2011, the defendant executed a loan modification agreement. The defendant defaulted on the loan by failing to make the monthly installment payment due on June 1, 2011, or any payments thereafter.
In April 2015, the plaintiff commenced this action against the defendant and others to foreclose the mortgage. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant. The defendant opposed the motion and cross-moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her solely on the ground that the plaintiff failed to comply with the notice of default provision of paragraph 22 of the mortgage.
By order dated September 27, 2016, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The court specifically found that the plaintiff submitted sufficient evidence to create a rebuttable presumption that the defendant received the notice of default in accordance with paragraph 22 of the mortgage. The court found that the defendant's simple denial that she did not receive the notice of default, coupled with her admission that she received the 90-day pre-foreclosure notice which the plaintiff established was delivered at the same time and date as the notice of default, was insufficient to rebut the presumption and raise a triable issue of fact. The defendant appeals, and we affirm.
We agree with the Supreme Court's determination that the plaintiff established its [*2]compliance with the condition precedent contained in paragraph 22 of the mortgage, which required service of a specified notice of default (see HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 827; OneWest Bank, FSB v Simpson, 148 AD3d 920, 922). The plaintiff submitted an affidavit of an employee of the loan servicer, which stated that a notice of default was mailed to the defendant at the subject property by first-class mail on December 31, 2014, in compliance with paragraph 22 of the mortgage. The affidavit further averred that on December 31, 2014, the loan servicer mailed the defendant a 90-day notice pursuant to RPAPL 1304 by both certified and first-class mail. The affidavit explained that it was the normal business practice of the loan servicer to mail the notices on the same day as the notices were dated and that their loan notes are updated contemporaneously to reflect the mailing of "any notice." Annexed to the affidavit was a copy of the loan servicer's loan notes showing the mailing of the notices, which stated that on "12/31/2014 01:48PM EST" the "GEN NOI & NY 90 SENT TO LAWANDA LANE VIA 1st CLASS & CERT MAIL TO PROPERTY ADDRESS: 70140510000158304016 [and] 70140510000158304115." Also annexed to the affidavit was a copy of the 90-day notice pursuant to RPAPL 1304 with a copy of the "green card" certified-mail receipt corresponding to the tracking number indicated above ending in "4016" and a copy of the first-class stamped mailing envelope. Further annexed to the affidavit was a copy of the "Notice of Default and Intent to Accelerate," dated December 31, 2014, along with a copy of the "green card" certified-mail receipt corresponding to the tracking number indicated above ending in "4115" and a copy of the first-class stamped mailing envelope.
In opposition, the defendant denied receipt of the notice of default, but admitted receipt of the 90-day notice. In reply, the plaintiff submitted United States Postal Service tracking information which showed that the certified mail with the tracking number ending in "4115" was delivered on January 5, 2015, at 2:21 p.m. In addition, the plaintiff submitted a reply affidavit of the loan servicer, who clarified that the entry in the loan notes which referred to "GEN NOI" means "notice of intent" and corresponds to what is commonly called the "notice of default" required by paragraph 22 of the mortgage. The affidavit also clarified that the tracking number ending in "4115" corresponded to the notice of default.
Thus, the plaintiff proffered sufficient evidence to establish that it complied with the condition precedent of the mortgage, and the defendant failed to raise a triable issue of fact in opposition (see HSBC Bank USA, N.A. v Ozcan, 154 AD3d at 827; OneWest Bank, FSB v Simpson, 148 AD3d at 922; see also Citimortgage, Inc. v Espinal, 134 AD3d 876, 879).
The defendant's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination to grant the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and to deny the defendant's cross motion to dismiss the complaint insofar as asserted against her.
DILLON, J.P., LEVENTHAL, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court