Deutsche Bank Natl. Trust Co. v Adlerstein (2019 NY Slip Op 02680)





Deutsche Bank Natl. Trust Co. v Adlerstein


2019 NY Slip Op 02680


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-08871
 (Index No. 16805/10)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Joseph K. Adlerstein, appellant, et al., defendants.


Storch Law, P.C., Brooklyn, NY (Zvi A. Storch and Binyomin Z. Bendet of counsel), for appellant.
Houser & Allison, APC, New York, NY (Jordan Schur of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Joseph K. Adlerstein appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered February 8, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer, and to direct the appointment of a referee.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Joseph K. Adlerstein, to strike that defendant's answer, and to direct the appointment of a referee are denied.
On September 9, 2004, the defendant Joseph K. Adlerstein (hereinafter the defendant) executed a note in the amount of $612,000 in favor of IndyMac Bank, F.S.B. On the same date, to secure repayment of the note, the defendant executed a mortgage, which was subsequently assigned to the plaintiff. On July 1, 2010, the plaintiff commenced this action to foreclose the mortgage, alleging that the defendant defaulted on his loan payments. The defendant interposed an answer in which he raised, inter alia, the plaintiff's lack of standing as an affirmative defense.
In June 2012, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant, and to strike his answer (hereinafter the first motion). The Supreme Court denied the first motion on the ground that the plaintiff failed to establish its standing. In September 2015, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and to direct the appointment of a referee (hereinafter the second motion). The court granted the second motion, having determined, among other things, that the plaintiff established its standing through its reply affidavit. The defendant appeals.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, [*2]and evidence of default" (U.S. Bank N.A. v Sabloff, 153 AD3d 879, 880 [internal quotation marks omitted]). However, where, as here, the plaintiff's standing has been placed in issue by a defendant, "the plaintiff must prove its standing as part of its prima facie showing" (U.S. Bank N.A. v Henry, 157 AD3d 839, 840; see Bank of N.Y. Mellon v Lopes, 158 AD3d 662, 663). "In a mortgage foreclosure action, a plaintiff has standing where it is the holder or assignee of the underlying note at the time the action is commenced" (Arch Bay Holdings, LLC v Albanese, 146 AD3d 849, 851-852). "Either a written assignment of the underlying note or the physical delivery of the note . . . is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank N.A. v Henry, 157 AD3d at 840-841 [internal quotation marks omitted]; see Bank of N.Y. Mellon v Alli, 156 AD3d 597, 598).
Here, the plaintiff failed to meet its prima facie burden to establish its standing. In support of the second motion, the plaintiff attempted to establish standing through the affidavit of Howard R. Handville, a senior loan analyst employed by the plaintiff's loan servicing agent. Handville averred that based on his review of the servicing records "the note was endorsed in blank, and was physically delivered, along with the Mortgage, to IndyMac Bank by the custodian for the plaintiff on January 7, 2008." Handville's affidavit submitted with the plaintiff's moving papers failed to establish that he had personal knowledge of the facts (see Bank of N.Y. Mellon v Gordon, ___ AD3d ___, 2019 NY Slip Op 02306 [2d Dept 2019]) and, moreover, failed to indicate that the plaintiff had physical possession of the note when it commenced this action on July 1, 2010. Therefore, it was insufficient to meet the plaintiff's prima facie burden to establish its standing (see Green Tree Servicing, LLC v Vitaliti, 160 AD3d 816, 818; U.S. Bank N.A. v Brody, 156 AD3d 839, 840-841).
"[A] party moving for summary judgment cannot meet its prima facie burden by submitting evidence for the first time in reply, and generally, evidence submitted for the first time in reply papers should be disregarded by the court" (OneWest Bank, FSB v Simpson, 148 AD3d 920, 922 [citations omitted]; see Wells Fargo Bank, N.A. v Osias, 156 AD3d 942, 943-944; Aurora Loan Servs., LLC v Baritz, 144 AD3d 618, 620). Here, with its reply papers, the plaintiff submitted a second affidavit of Handville, wherein Handville asserted that "[o]n January 7, 2008, plaintiff physically delivered the note to IndyMac Bank, who then on September 4, 2008, delivered the note back to Plaintiff." Contrary to the plaintiff's contention, even assuming that the facts asserted in the second affidavit were sufficient to satisfy its prima facie burden, it could not rely on Handville's affidavit submitted in reply to correct the deficiency in his affidavit that had been submitted with the moving papers in order to meet its prima facie burden to establish standing (see Wells Fargo Bank, N.A. v Osias, 156 AD3d at 943-944; Aurora Loan Servs., LLC v Baritz, 144 AD3d at 620). Therefore, the reply affidavit of Handville should not have been considered by the Supreme Court.
Accordingly, we disagree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and to direct the appointment of a referee.
In light of our determination, we need not reach the defendant's remaining contentions.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court