Citimortgage, Inc. v Borek (2019 NY Slip Op 02670)





Citimortgage, Inc. v Borek


2019 NY Slip Op 02670


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2016-11096
2017-01347
2018-07797
 (Index No. 21804/13)

[*1]Citimortgage, Inc., respondent, 
v
Amelia Borek, etc., et al., appellants, et al., defendant.


Meyers Tersigni Feldman & Gray, LLP, New York, NY (Anthony L. Tersigni and Andrea Tersigni of counsel), for appellants.
Akerman, LLP, New York, NY (Jordan M. Smith of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Amelia Borek and Jesse Borek appeal from two orders of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), both dated September 14, 2016, and a judgment of foreclosure and sale entered May 2, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Amelia Borek, to strike her answer, affirmative defenses, and third counterclaim, for leave to enter a default judgment against the defendant Jesse Borek upon his failure to appear or answer the complaint, and for an order of reference, and denied those branches of the cross motion of the defendants Amelia Borek and Jesse Borek which were for summary judgment dismissing the complaint insofar as asserted against the defendant Amelia Borek for lack of standing and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against the defendant Jesse Borek as abandoned. The second order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Amelia Borek, to strike her answer, affirmative defenses, and third counterclaim, for leave to enter a default judgment against the defendant Jesse Borek upon his failure to appear or answer the complaint, and for an order of reference, and referred the matter to a referee to compute the amount due on the mortgage loan. The judgment of foreclosure and sale directed foreclosure of the mortgage and sale of the mortgaged property.
ORDERED that the appeals from the orders dated September 14, 2016, are dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that the plaintiff is awarded one bill of costs.
The appeals from the orders dated September 14, 2016, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment of [*2]foreclosure and sale (see CPLR 5501[a][1]).
In September 2003, the defendants James Borek and Amelia Borek executed a note in the sum of $322,700 in favor of ABN AMRO Mortgage Group, Inc. (hereinafter ABN AMRO). The note was secured by a mortgage on residential property located in Centereach (hereinafter the premises). In August 2013, CitiMortgage, Inc., as successor by merger to ABN AMRO (hereinafter the plaintiff), commenced this action against Amelia and James, among others, to foreclose the mortgage. Amelia served an answer, in which she asserted various affirmative defenses, including lack of standing, along with several counterclaims, including a third counterclaim alleging violations of New York Banking Law § 590(5)(d) and regulations promulgated thereunder. James, acting pro se, also served an answer, and the plaintiff served a reply to Amelia's counterclaims.
In December 2014, the plaintiff moved, inter alia, to strike Amelia's answer, defenses, and counterclaims; for summary judgment on the complaint; to amend the caption to substitute Jesse Borek (hereinafter Jesse), Amelia's son, as John Doe #1; for leave to enter a default judgment against Jesse; and for an order of reference. The plaintiff submitted, among other things, an affidavit of service evidencing service of the summons and complaint on Jesse on August 24, 2013.
By notice of cross motion dated January 8, 2015, Amelia and Jesse (hereinafter together the defendants) cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against Amelia for lack of standing and pursuant to CPLR 3215(c) dismissing the complaint insofar as asserted against Jesse as abandoned. By order dated September 14, 2016, the Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. In a second order dated September 14, 2016, the court, among other things, referred the matter to a referee to compute the amount due on the mortgage loan. On May 2, 2018, the court entered a judgment of foreclosure and sale. The defendants appeal from the orders dated September 14, 2016, and from the judgment of foreclosure and sale.
The plaintiff established, prima facie, its standing to commence the action by showing that the original lender, ABN AMRO, was merged into the plaintiff as of September 1, 2007 (see CitiMortgage, Inc. v Espinal, 134 AD3d 876, 880; Business Corporation Law §§ 904, 906[b]; 907[d]). In any event, as a separate and independent basis for standing, the plaintiff demonstrated its status as the holder of the note when the action was commenced by its attachment of the note, indorsed in blank, to the summons and complaint (see Nationstar Mtge., LLC v LaPorte, 162 AD3d 784, 785; Wells Fargo Bank, N.A. v Osias, 156 AD3d 942, 943). In opposition, the defendants failed to raise a triable issue of fact on the issue of standing.
RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a residential foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 825-826). RPAPL 1304 requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304[2]).
Here, the plaintiff established its prima facie entitlement to judgment as a matter of law regarding the plaintiff's compliance with the requirements of RPAPL 1304. In addition to the affidavit of its employee averring, in relevant part, that RPAPL 1304 notices, which were attached to the affidavit, were sent by certified and first-class mail to Amelia's last known address, the plaintiff submitted admissible business records evincing such mailings (see CitiMortgage, Inc. v Wallach, 163 AD3d 520, 521; HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 827; CitiMortgage, Inc. v Espinal, 134 AD3d at 879). In opposition to the plaintiff's prima facie showing, Amelia failed to raise a triable issue of fact.
Turning to that branch of the defendants' cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against Jesse as abandoned, Jesse failed to establish that the plaintiff took no proceedings against him for the entry of judgment within one year [*3]after his default in answering the complaint, taking into account the fact that the one-year deadline imposed by CPLR 3215(c) was tolled while the action remained pending in the Foreclosure Settlement Conference Part (see 22 NYCRR 202.12-a[c][7]; see U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852).
The defendants' remaining contentions are either improperly raised for the first time on appeal or without merit.
Accordingly, we agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Amelia, to strike her answer, affirmative defenses and third counterclaim, for leave to enter a default judgment against Jesse upon his failure to appear or answer the complaint, and for an order of reference, denying the defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against Amelia for lack of standing and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against Jesse as abandoned, and directing foreclosure of the mortgage and sale of the premises.
BALKIN, J.P., CHAMBERS, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court