Nationstar Mtge., LLC v Tamargo (2019 NY Slip Op 08197)





Nationstar Mtge., LLC v Tamargo


2019 NY Slip Op 08197


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2018-01820
 (Index No. 33729/16)

[*1]Nationstar Mortgage, LLC, respondent,
v
Jeanette Merola Tamargo, et al., appellants, et al., defendants.


Christopher Thompson, West Islip, NY, for appellants.
Akerman LLP, New York, NY (Jordan M. Smith, Natsayi Mawere, and Joseph M. DeFazio of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Jeanette Merola Tamargo and Donald Tamargo appeal from a judgment of foreclosure and sale of the Supreme Court, Suffolk County (William B. Rebolini, J.), entered September 20, 2017. The judgment of foreclosure and sale, upon an order of the same court dated December 29, 2014, granting those branches of the motion of the plaintiff's predecessor-in-interest which were for summary judgment on the complaint insofar as asserted against the defendants Jeanette Merola Tamargo and Donald Tamargo, to strike those defendants' ninth affirmative defense, and for an order of reference, and upon an order of the same court, also dated December 29, 2014, inter alia, granting the same relief and referring the matter to a referee to ascertain and compute the amount due to the plaintiff, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the motion of the plaintiff's predecessor-in-interest which were for summary judgment on the complaint insofar as asserted against the defendants Jeanette Merola Tamargo and Donald Tamargo, to strike those defendants' ninth affirmative defense, and for an order of reference are denied, the orders dated December 29, 2014, are modified accordingly, and so much of the second order dated December 29, 2014, as referred the matter to a referee to ascertain and compute the amount due to the plaintiff is vacated.
The plaintiff's predecessor-in-interest, Aurora Loan Services, LLC (hereinafter Aurora), commenced this action to foreclose a mortgage given by the defendants Jeanette Merola Tamargo and Donald Tamargo (hereinafter together the defendants), encumbering certain real property in Manorville. The complaint alleged that the defendants had defaulted under the terms of the note and mortgage by failing to make their mortgage payments due January 1, 2009, and thereafter. The defendants interposed a verified answer in which they asserted, as a ninth affirmative defense, that Aurora failed to serve a notice of default in compliance with the terms of the mortgage.
Aurora moved for, among other relief, summary judgment on the complaint insofar [*2]as asserted against the defendants, to strike their answer, and for an order of reference. The defendants opposed the motion. The defendants argued that Aurora was not entitled to summary judgment on the complaint because it had "failed to properly serve the notice required by Real Property Actions and Proceedings Law section 1304." The defendants also argued, as alleged in their ninth affirmative defense, that Aurora failed to serve a notice of default in compliance with the terms of the mortgage.
As relevant here, in an order dated December 29, 2014, the Supreme Court, inter alia, granted those branches of the Aurora's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike those defendants' ninth affirmative defense, and for an order of reference. In a second order, also dated December 29, 2014, the court, among other things, granted the same relief, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. In a judgment of foreclosure and sale entered September 20, 2017, made upon the orders dated December 29, 2014, the court confirmed the referee's report and directed the sale of the subject property. The defendants appeal from the judgment.
As an initial matter, contrary to the defendants' contention, the Supreme Court did not err to the extent that it determined that compliance with RPAPL 1304 was not a component of Aurora's prima facie burden on its motion for summary judgment. The defendants' answer did not allege that RPAPL 1304 was applicable to the note or otherwise raise the issue of compliance with RPAPL 1304 as a defense. Rather, the defendants' answer generally alleged that Aurora "failed to meet numerous conditions precedent" as required by "applicable state and federal law." Accordingly, to the extent that the defendants contend that Aurora was required to demonstrate compliance with RPAPL 1304 in order to establish its prima facie entitlement to judgment as a matter of law, that contention is without merit (see Bank of Am., N.A. v Cord, 168 AD3d 896, 899). In any event, Aurora's submissions in reply to the allegations made for the first time in opposition to its motion affirmatively demonstrated that the subject loan was not a "home loan" within the meaning of RPAPL 1304 at the time this action was commenced in August 2009 (see former RPAPL 1304 [L 2008, ch 472, § 2]; former Banking Law § 6-l[1][e][i] [L 2008, ch 472, § 4]; see generally Bank of Am., N.A. v Cord, 168 AD3d at 899; Central Mtge. Co. v Jahnsen, 150 AD3d 661, 664-665; 71 Clinton St. Apts. LLC v 71 Clinton Inc., 114 AD3d 583, 584).
However, in order to establish, prima facie, its entitlement to judgment as a matter of law on those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' ninth affirmative defense, and for an order of reference, Aurora was required to establish, inter alia, that it provided notice of default to the defendants as required pursuant to paragraph 22 of the subject mortgage. Aurora failed to sustain this burden.
In support of its motion, Aurora submitted two affidavits. The first affidavit was from Laura McCann, Vice President of Aurora, the loan servicer responsible for sending the notices of default. The second affidavit was from A.J. Loll, Vice President of Nationstar Mortgage, LLC, the current plaintiff and loan servicer. While McCann attested that Aurora was responsible for "providing notices pursuant to the terms of the note and mortgage evidencing the mortgage loan at issue, and specifically for providing notices such as the notice required under Section 22 of the mortgage," nowhere in her affidavit did she attest to the actual mailing or delivery of those notices. As to the second affidavit, while Loll attested, inter alia, that "[t]he servicing records show that a 30-day letter was mailed to [the] defendants . . . on April 3, 2009, which letter advised Defendants of their default," and attached a purportedly "true copy" of the 30-day letter as Exhibit I, the affidavit did not contain a statement that the 30-day notice was sent in a manner according with the terms of the mortgage, i.e., "mailed by first class mail or . . . actually delivered to [borrower's] notice address if sent by other means." Moreover, Loll's affidavit "did not contain a statement that [Loll] was familiar with [Aurora's] mailing practices and procedures," so as to establish "proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed" (J.P. Morgan Mtge. Acquisition Corp v Kagan, 157 AD3d 875, 876; see generally Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498, 508-509; Nassau Ins. Co. v Murray, 46 NY2d 828, 829). While Loll claimed that servicing records show that a 30-day letter was mailed to the [*3]defendants, she did not identify what those records are and did not authenticate them as business records and attach them to her affidavit (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197; U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 774).
In arguing that Aurora established that it provided notice of default to the defendants in accordance with the terms the subject mortgage, the plaintiff cites to evidence that was submitted by Aurora for the first time in its reply. However, "[a] party moving for summary judgment cannot meet its prima facie burden by submitting evidence for the first time in reply, and generally, evidence submitted for the first time in reply papers should be disregarded by the court" (Wells Fargo Bank, N.A. v Osias, 156 AD3d 942, 943-944 [internal quotation marks omitted]). Since the defendants raised the issue of compliance with the default notice provisions of the mortgage as the ninth affirmative defense in their answer, it cannot be said that the evidence submitted for the first time in Aurora's reply was responsive to allegations made for the first time in opposition to Aurora's motion (cf. Bank of Am., N.A. v Cord, 168 AD3d at 899). Accordingly, the evidence submitted by Aurora for the first time in its reply to the defendants' opposition to its motion was not sufficient to establish Aurora's prima facie compliance with the mortgage's default notice requirements (see Wells Fargo Bank, N.A. v Osias, 156 AD3d at 944; Arriola v City of New York, 128 AD3d 747, 749; cf. Central Mtge. Co. v Jahnsen, 150 AD3d at 664; OneWest Bank, FSB v Simpson, 148 AD3d 920, 922-923).
The defendants' remaining contentions, raised for the first time on appeal, are not properly before this Court.
Accordingly, the Supreme Court should have denied those branches of Aurora's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' ninth affirmative defense, and to appoint a referee, without regard to the sufficiency of the defendants' opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., COHEN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court